IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 23-cv-1355 |

## COMPLAINT

Plaintiff[1] ▮, ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provision of the Patent Act, 35 U.S.C.§ 1, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at

---

[1] Plaintiff's name is being temporarily withheld to prevent Defendants from obtaining advance notice of this action and Plaintiff's accompanying ex parte Motion for Entry of Temporary Restraining Order and transferring funds out of the accounts that Plaintiff seeks to retrain. Plaintiff is identified on the issued design patent for Plaintiff's patented design, which is included as Exhibit 1 hereto and filed under seal. Plaintiff will file a sealed unredacted version of this complaint concurrently with this redacted version and intends to proceed as John Doe only until the time Plaintiff has been able to formally serve the Defendants and provided notice of motion for the Preliminary Injunction following expiration of the Temporary Restraining Order.

least the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Alias, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same unauthorized and unlicensed products, namely handheld ring toss games, that infringe Plaintiff's patented design, U.S. Patent No. ███████ (**Exhibit 1**), (the "Infringing Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. The e-commerce stores operating under the Seller Aliases, share unique identifiers, such as using the same product images, same advertising, design elements, and similarities of the infringing products offered for sale, collectively establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff has filed this action to combat Defendants' infringement of its patented design, as well as

to protect unknowing consumers from purchasing Infringing Products over the internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

█████

4. Plaintiff is a limited liability company organized and existing under the laws of the State of Missouri, having a place of business at ██████████████████.

5. Plaintiff is the creator and seller of high-quality, innovatively designed, ring toss games (the "Plaintiff Products"). The Plaintiff Products embody Plaintiff's patented design as claimed in the '████ patent. A true and correct copy of the '████ patent is attached hereto as **Exhibit 1**.

6. The Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois, and through Plaintiff's Amazon stores.

7. The Plaintiff Products have become enormously popular, driven by Plaintiff's arduous quality standards and innovative design.

8. The Plaintiff Products are known for their distinctive patented designs which are broadly recognized by consumers. Products fashioned after these designs are associated with the quality and innovation that the public has come to expect from the Plaintiff Products. Plaintiff uses these designs in connection with the Plaintiff Products, including but not limited to, the following patented design, herein referred to as the "Plaintiff Design."

| Patent Number | Claim | Issue Date |
|---|---|---|
| | | |



9. Plaintiff is the lawful owner of all right, title, and interest in and to the Plaintiff Design and the '▮▮▮ Patent. U.S. Patent. U.S. Patent No. ▮▮▮ was lawfully issued on ▮▮▮, with named inventor ▮▮▮. Attached hereto as **Exhibit 1** is a true and correct copy of the United States Patent for the Plaintiff Design.

### The Defendants

10. Defendants are individuals and business entities who, upon information and belief,

reside in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

11. On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Defendants use tactics to conceal their identities which make it virtually impossible for Plaintiff to ascertain the full scope of their operation, Defendants' true identities, and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## Defendants' Unlawful Conduct

12. Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '█████ patent and none of the Defendants are authorized retailers of the Plaintiff Products.

13. Third-party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters and infringers such as Defendants to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) attached as **Exhibit 2** and finding that on "at least some e-commerce platforms, little identifying information is necessary" for sellers similar to Defendants and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is

necessary. Online sellers engaged in counterfeiting and related infringements hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. *See* Exhibit 2 at p. 22. While Amazon has recently taken steps to attempt to address these shortcomings, the foregoing deficiencies largely remain.

14. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Seller Aliases. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Seller Aliases registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Seller Aliases. The Defendant Seller Aliases include notable common features, including the same product images, accepted payment methods, check-out methods, meta data, keywords, lack of contact information, identically or similarly priced items and volume sales discounts, same incorrect grammar and misspellings, and the use of the same text and images, including content copied from Plaintiff's original product listings.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S.

Customs and Border Protection.

17. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in chat rooms and through websites regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

18. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S. based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

19. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the Plaintiff Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the internet.

20. Defendants' infringement of the Plaintiff Design in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

21. Defendants' infringement of the Plaintiff Design in connection with the making, using, offering for sale, selling, and/or importing into the Untied States for subsequent sale or use of the Infringing Products, including the marking, using, offering for sale, selling and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. ▇
### (35 U.S.C § 271)

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed by the Plaintiff Design.

24. Defendants have infringed the Plaintiff Design through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed by the Plaintiff Design;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff Design; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, and Wish.com (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the Plaintiff Design;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Plaintiff Design, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Plaintiff Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Plaintiff Design, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Dated March 6, 2023.

Respectfully submitted,

/s/ Daliah Saper
Daliah Saper (ARDC No. 6283932)
Brandon Campillo (ARDC No.6338787)
Saper Law Offices, LLC
505 N. Lasalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
bcampillo@saperlaw.com

*Counsel for Plaintiff*