IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-01355-VMK |
| v. ) | |
| ) | |
| THE PARTNERSHIPS AND ) | **JURY TRIAL DEMANDED** |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT SPLINTER WOODWORKING INC. *d/b/a* SWOOC GAMES' ANSWER AND AFFIRMATIVE DEFENSES

Defendant Splinter Woodworking Inc. *d/b/a* SWOOC Games ("SWOOC Games"), a Florida corporation with its place of business in Florida, by and through its attorneys, K&L GATES LLP, hereby responds to Plaintiff, John Doe's ("Plaintiff") Complaint dated March 6, 2023, and states as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provision of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

**ANSWER:** SWOOC Games admits the allegations in paragraph 1.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Alias, offer shipping to the United Sates, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

1

**ANSWER:** SWOOC Games specifically denies that venue is proper as to itself because SWOOC Games is a Florida corporation with a physical place of business in the Southern District of Florida, and SWOOC Games further specifically denies that 28 U.S.C. § 1391 (the general venue statue) is applicable to this patent action, where the courts have made clear that 28 U.S.C. § 1400(b) is the exclusive venue statue for patent actions. SWOOC Games further states that the allegations in paragraph 2 contain conclusions of law to which no response is required and therefore denies the allegations in this paragraph.

3. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same unauthorized and unlicensed products, namely handheld ring toss games, that infringe Plaintiff's patented design, U.S. Patent No. D957,527S (the "Infringing Products") (**Exhibit 1**). Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. The e-commerce stores operating under the Seller Aliases, share unique identifiers, such as using the same product images, same advertising, design elements, and similarities of the infringing products offered for sale, collectively establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff has filed this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

**ANSWER:** SWOOC Games denies the allegations in paragraph 3.

## THE PARTIES

### Plaintiff Living Active, LLC

4. Plaintiff is a limited liability company organized and existing under the laws of the State of Missouri, having a place of business at 107 W 9th Street, Kansas city, Missouri 64105.

**ANSWER:** SWOOC Games lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies the allegations in this paragraph.

5. Plaintiff is the creator and seller of high-quality, innovatively designed, ring toss games (the "Plaintiff Products"). The Plaintiff Products embody Plaintiff's patented design as claimed in the '527 patent. A true and correct copy of the '527 patent is attached hereto as **Exhibit 1**.

**ANSWER:** SWOOC Games denies the allegations in the first two sentences of paragraph 5. SWOOC Games further states that Exhibit 1 is the best evidence of the content and factual assertions set forth in this paragraph, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

6. The Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois, and through Plaintiff's Amazon stores.

**ANSWER:** SWOOC Games denies the allegations in paragraph 6.

7. The Plaintiff Products have become enormously popular, driven by Plaintiff's arduous quality standards and innovative design.

**ANSWER:** SWOOC Games denies the allegations in paragraph 7.

8. The Plaintiff Products are known for their distinctive patented designs which are broadly recognized by consumers, Products fashioned after these designs are associated with the quality and innovation that the public has come to expect from the Plaintiff Products. Plaintiff uses these designs in connection with the Plaintiff Products, including but not limited to, the following patented design, herein referred to as the "Plaintiff Design."

**ANSWER:** SWOOC Games denies the allegations in paragraph 8.

9. Plaintiff is the lawful owner of all right, title, and interest in and to the Plaintiff Design and the '527 Patent. U.S. Patent. [sic] U.S. Patent No. D957,527s was lawfully issued on July 12, 2022, with named inventor Livy Disla. Attached hereto as Exhibit 1 is a true and correct copy of the United States Patent for the Plaintiff Design.

**ANSWER:** SWOOC Games denies the allegations in paragraph 9. SWOOC Games further states that Exhibit 1 is the best evidence of the content and factual assertions set forth in this paragraph, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

### The Defendants

10. Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**ANSWER:** SWOOC Games denies the allegations in paragraph 10 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

11. On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Sellers Aliases listed in Schedule A attached hereto. Defendants use tactics to conceal their identities which make it virtually impossible for Plaintiff to ascertain the full scope of their operation, Defendants' true identities, and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**ANSWER:** SWOOC Games denies the allegations in paragraph 11 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

### Defendants' Unlawful Conduct

12. Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '527 patent and none of the Defendants are authorized retailers of the Plaintiff Products.

**ANSWER:** SWOOC Games denies the allegations in paragraph 12.

13. Third-party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters and infringers such as Defendants to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* report on "Combating Trafficking in Counterfeit Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 202) attached as **Exhibit 2** and finding that on" at least some e-commerce platforms, little identifying information is necessary" for sellers similar to Defendants and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Online sellers engaged in counterfeiting and related infringements hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively

4

establishing multiple virtual storefronts. *See* Exhibit 2 at p.22. While Amazon has recently taken steps to attempt to address these shortcomings, the foregoing deficiencies largely remain.

**ANSWER:** SWOOC Games denies the allegations in paragraph 13 as to itself. SWOOC Games further states that Exhibit 2 is the best evidence of the content and factual assertions set forth in this paragraph, and to the extent that this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

14. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Seller Aliases. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Seller Aliases registration patters are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

**ANSWER:** SWOOC Games denies the allegations in paragraph 14 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Seller Aliases. The Defendant Seller Aliases include notable common features, including the same product images, accepted payment methods, meta data, keywords, lack of contact information, identically or similarly priced items and volume sales discounts, same incorrect grammar and misspellings, and the use of the same text and images, including content copied from Plaintiff's original product listings.

**ANSWER:** SWOOC Games denies the allegations in paragraph 15 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

**ANSWER:** SWOOC Games denies the allegations in paragraph 16 of the Complaint as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

17. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in chat rooms and through websites regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

**ANSWER:** SWOOC Games denies the allegations in paragraph 17 of the Complaint as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

18. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to [sic] that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S. based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

**ANSWER:** SWOOC Games denies the allegations in paragraph 18 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

19. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence or series of transactions or occurrences. Defendants, without any authorization or licenses from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United Sates for subsequent resale or use the same product that infringes directly and/or indirectly the Plaintiff Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the internet.

**ANSWER:** SWOOC Games denies the allegations in paragraph 19 as to itself, and further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding additionally named Defendants in this paragraph.

20. Defendants' infringement of the Plaintiff Design in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

**ANSWER:** SWOOC Games denies the allegations in paragraph 20 of the Complaint.

21. Defendants' infringement of the Plaintiff Design in connection with the making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

**ANSWER:** SWOOC Games denies the allegations in paragraph 21 of the Complaint.

### COUNT I
### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D957,527S
### (35 U.S.C. § 271)

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER:** SWOOC Games realleges and incorporates all preceding paragraphs of this Answer as if fully set forth herein.

23. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed by the Plaintiff Design.

**ANSWER:** SWOOC Games denies the allegations in paragraph 23 of the Complaint.

24. Defendants have infringed the Plaintiff Design through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:** SWOOC Games denies the allegations in paragraph 24 of the Complaint.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**ANSWER:** SWOOC Games denies the allegations in paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Splinter Woodworking Inc. *d/b/a* SWOOC Games, denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause, and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in favor of SWOOC Games and against Plaintiff, and an Order granting the following relief:

  i. Finding SWOOC Games does not infringe U.S. Patent No. D957,527S;

  ii. Finding U.S. Patent No. D957,527S to be invalid and unenforceable;

  iii. Awarding Plaintiff no damages;

  iv. Awarding Plaintiff no injunction or other equitable remedies'

  v. Finding the instant matter an exceptional case, and awarding SWOOC Games its reasonable attorney fees and costs;

  vi. Finding Plaintiff to be a vexatious litigant, and awarding SWOOC Games its damages and reasonable attorney fees and costs;

  vii. Awarding SWOOC Games its damages and reasonable attorney fees and costs under the Court's inherent power; and

  viii. Awarding SWOOC Games such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SWOOC Games demands a trial by jury in this action as to all issues so triable.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the following defenses and affirmative defenses:

**FIRST DEFENSE:** *Improper Venue*—this venue in this district is improper under 28 U.S.C. § 1400(b), which permits defendants to be sued only in districts in which they reside or have a regular and established place of business. *TC Heartland LLC v. Kraft Food Brands LLC,* 137 S. Ct. 1514 (2017). SWOOC Games resides in Florida and has operations in Florida, and it has no operations or employees in Illinois. Any patent lawsuit against SWOOC Games should be brought in the Southern District of Florida.

**SECOND DEFENSE:** *Misjoinder*— under 35 U.S.C. § 299, entitled "Joinder of parties," it was improper for a patent owner to join multiple defendants in a single action, as all defendants are not accused of infringement by reason of the same accused product or process.

**THIRD DEFENSE:** *Non-Infringement*—the accused item identified by Plaintiff in the Complaint does not infringe the properly construed claim of asserted U.S. Patent No. D957,527S.

**FOURTH DEFENSE:** *Invalidity*—the asserted U.S. Patent No. D957,527S is invalid under 35 U.S.C. §§ 101, 102, 103, 112 and other sections of Title 35 United States Code without limitation because: (a) the ring toy claimed in U.S. Patent No. D957,527S was an anticipated HOOKS!-brand ring toss game offered for sale by Craggy Games on Etsy.com in 2020; and (b) the asserted U.S. Patent No. D957,527S fails to name the correct inventor(s).

**FIFTH DEFENSE:** *Unenforceability/Inequitable Conduct*—the asserted U.S. Patent No. D957,527S is unenforceable due to a number of instances of inequitable conduct.

In a first example of inequitable conduct, alleged inventor Livy Disla ("Disla") signed an Inventor Declaration dated April 28, 2022 that contained materially false statements (the "Inventor

9

Declaration"). A true and correct copy of the Inventor Declaration is attached hereto as **Exhibit A**. In particular, in response to a prior art rejection based on two prior art references—the *Dippy Hook and Ring Toss* reference, and the *Bestdon Toss Games* reference—Disla represented that on December 7, 2020, she posted three webpages describing the claimed invention on a website at https://iringtoss.com. *See* Exhibit A, at ¶ 5. That statement was made in order to pre-date the two prior art references which stood in the way of the issuance of U.S. Patent No. D957,527S. That statement was false, and willfully and purposely so. In fact, as of December 7, 2020, the foregoing https://iringtoss.com did not exist, and WHOIS records show that the <iringtoss.com> domain had not yet registered to any person. (In fact, WHOIS records show that the <iringtoss.com> domain was not registered until June of 2021. Consequently, the foregoing website could not have existed until June of 2021.) The Examiner would not have allowed U.S. Patent No. D957,527S to issue, but for the foregoing false statement. This misconduct alone renders U.S. Patent No. D957,527S unenforceable.

The following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: the registered patent attorney prosecuting the application that led to U.S. Patent No. D957,527S was aware that the Inventor Declaration contained materially false information, and yet he submitted it to the patent office to secure issuance of U.S. Patent No. D957,527S.

In a second example of inequitable conduct, Disla caused U.S. Patent No. D957,527S to issue with Disla recited as the sole inventor. On information and belief, Disla is not the true inventor. Instead, Disla misappropriated the design known as the HOOKS!-brand ring toss game developed by Craggy Games and first available on Etsy.com in 2020. *See* **Exhibit B** (printout from Craggy Games' Etsy.com storefront, showing the design developed by Craggy Games to

10

have received a positive review from purchaser "Jordon" on December 16, 2020). Because Disla copied the design of another, she is not a true inventor. U.S. Patent No. D957,527S fails to name the true inventor(s), which on information and belief, may likely be the individual(s) associated with Craggy Games. With deceptive intent, Disla failed to disclose the true inventor(s), rendering U.S. Patent No. D957,527 unenforceable for this additional reason.

The following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: the registered patent attorney prosecuting the application that led to U.S. Patent No. D957,527S was aware that the application failed to name the true inventor(s).

**SIXTH DEFENSE:** *No Injunctive Relief*—Plaintiff is not entitled to injunctive relief without limitation because, on information and belief, Plaintiff does not actually sell a product made according to the asserted U.S. Patent No. D957,527S, or in the alternative, Plaintiff's sales of such products are nominal and pretextual.

**SEVENTH DEFENSE:** *No Marking*—on information and belief, Plaintiff is not entitled to any pre-filing damages because Plaintiff failed to comply with the marking statute.

**EIGHTH DEFENSE:** The Complaint fails to state a claim upon which relief may be granted.

**NINTH DEFENSE:** SWOOC Games reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

Dated: March 31, 2023            Respectfully submitted,

By:    */s/ Ketajh Brown*
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60602
(312) 372-1121
ketajh.brown@klgates.com

Henry Pogorzelski
(*pro hac vice application forthcoming*)
Stewart Mesher
(*pro hac vice application forthcoming*)
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, TX 78746
(512) 482-6800
henry.pogorzelski@klgates.com
stewart.mesher@klgates.com

***Attorneys for Defendant Splinter Woodworking Inc. d/b/a SWOOC Games***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by filing same through the Court's ECF/CM system.

*/s/ Ketajh Brown*